**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4992

WILLIAM M. JACKSON BAILEY, a/k/a
Troy,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-93-98)

Submitted: June 9, 1998

Decided: July 24, 1998

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dorwin J. Wolfe, Elkins, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant William McKinley Jackson Bailey appeals from the sixty-month sentence he received after the district court revoked his term of supervised release. He alleges that the court erred by imposing a sentence in excess of the sentencing range set out by the policy statements in Chapter 7 of the Sentencing Guidelines.[1] Bailey also alleges that the district court erroneously sentenced him to the maximum term of imprisonment under 18 U.S.C. § 3583 (1994). Finding no error, we affirm.

Bailey was originally convicted pursuant to his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute crack cocaine, and his sentence included a five-year term of supervised release. Shortly after beginning his term of supervised release, Bailey's probation officer filed a petition to revoke his release, alleging that Bailey sold crack cocaine to a confidential informant, failed to report to the probation officer as ordered, and stole money from his father. During the revocation hearing, Bailey also admitted to smoking marijuana and crack cocaine while on supervised release.[2] The district court considered the sentencing tables in Chapter 7, but sentenced Bailey to the statutory maximum under § 3583(e).

Because Bailey did not object to the sentence during the hearing, we review for plain error, and we find no such error here. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-37 (1993). Chapter 7 policy statements "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Here, we find that the district court properly considered the guidelines and exercised its considerable discretion in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements.

_____

[1] U.S. Sentencing Guidelines Manual § 7B1.4 (1997).
[2] Bailey admitted to the charges of failure to report during the revocation hearing, but denied the other charges.

2

Bailey's assertions concerning the imposition of a sixty-month sentence is without merit. Pursuant to § 3583(e)(3), the district court was authorized to sentence Bailey to serve in prison all or part of the original term of supervised release, which in this case was five years. Bailey alleges that the court should not have considered the alleged drug distributions because he denied those charges. We disagree. The statute expressly states that the court need only find that a defendant violated a condition of his supervised release by a preponderance of the evidence, and we find that the Government met this burden.**3** Moreover, under the statute, only one violation is needed to justify the maximum sentence, and Bailey admitted to two such violations. Since the sentence imposed was within the limits contained in the statute, we find that the district court's decision was not clearly erroneous.

Accordingly, we affirm the sentence imposed by the district court. Bailey's unopposed motion to submit the case for consideration on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

**3** Bailey was under indictment for these charges in state court. In addition, evidence was presented showing that Bailey sold crack cocaine to a confidential informant. We find that the probation officer's petition put Bailey on notice that these charges would be used against him.

3